## WORTMAN *v.* MINICH ET AL.

[No. 4,042. Filed November 26, 1901.]

NEGLIGENCE.—*Personal Injuries.—Contributory Negligence.—Burden of Proof.—Instruction.*—An instruction in an action for personal injury that the burden of proving absence of contributory negligence was on plaintiff is erroneous under §359a Burns 1901, making contributory negligence a matter of defense in such action. *p. 32.*

TRIAL.—*Instruction.—Personal Injury.—Negligence.*—An instruction in an action for a personal injury to the effect that plaintiff was guilty of contributory negligence and could not recover if it was found that he was injured while oiling the machinery of a corn-husker while the same was in motion, with a glove on his hand, from which a string appended and caught in the cogwheels and drew his hand in the machinery, invaded the province of the jury, and was erroneous. *pp. 32, 33.*

APPEAL AND ERROR.—*Practice.—Harmless Error.—Master and Servant.*—Under §401 Burns 1901, requiring the court to disregard any error or defect in the pleadings or proceedings which does not

Wortman *v.* Minich.

affect the substantial rights of the adverse party, and §670 Burns 1901, that no judgment shall be reversed where it appears that the merits of the cause have been fairly tried and determined in the court below, a judgment for defendant in an action for personal injuries to plaintiff while oiling the machinery of a corn-husker will not be reversed because of error of the court in giving instructions, where it appeared from the evidence that the defects complained of were open and obvious and that the injuries were caused by plaintiff's carelessness and lack of attention.   *pp. 33–36.*

From Sullivan Circuit Court;   *W. W. Moffett,* Judge.

Action by Joseph H. Wortman against Adam V. Minich and others, for damages for personal injuries.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*G. W. Buff, P. Stratton* and *J. T. Hays,* for appellant. *J. S. Bays* and *J. C. Briggs,* for appellees.

Roby, J.—The appellant brought this action to recover damages on account of the loss of his hand, through the alleged negligence of appellees.   The verdict and judgment were against him and he appeals.   The complaint was filed June 24, 1899, trial October 26th of the same year.   It was the law at that time that contributory negligence was a matter of defense provable under the general denial, and the plaintiff was not required to allege *or prove* want of contributory negligence.   §359a Burns 1901.

By its instructions the court informed the jury that the burden of proving the absence of contributory negligence was upon the plaintiff.   As the law then stood the giving of these instructions constituted reversible error.

The ninth instruction was as follows:   "The defendants further say that the plaintiff was guilty of contributory negligence which conduced to or caused his injury, because of the fact that he attempted to oil said journal with a glove on his hand to which was appended a string and which string hung downward from his wrist.   And if you find from the evidence that the plaintiff attempted to oil said journal while said machine was in motion and while said wheels were unprotected by said shield, with a glove on his hand,

Wortman *v.* Minich.

with a string appended to the same and which hung downward, and while he was in the act of so attempting to oil said journal the said string appended to his glove caught in the cogs of said wheels, and that the catching of said string in the said cogs of said wheels caused his hand to be pulled down into the meshes of said cog-wheels, causing the injury of which he complains, then such facts would constitute contributory negligence on the part of the plaintiff and would defeat a recovery in this action."

The wearing of a glove while oiling machinery might or might not be an act of negligence; ordinarily it would not be. Whether the fact that a string hung from the glove would or would not be negligence must be determined from the length of the string, its size and strength, and the manner in which it was hanging, the purpose of its being attached thereto, the knowledge of the person doing the work, and, in short, of all the surroundings. The question was one of fact for the jury. The instruction invaded its province and was erroneous.

A further question remains to be considered. It arises under the following sections of the statute. "Nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." §670 Burns 1901. "The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect." §401 Burns 1901.

These provisions accord with the requirements of enlightened jurisprudence. Courts are organized for the purpose of dealing with substantial rights. The Constitution provides that "every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial;

speedily, and without delay." §57 Burns 1901. It is as much the duty of this court to decide controversies upon their merits as it is the duty of the circuit and justice courts to do so. No judge may lawfully be astute for any purpose except that of doing justice upon the facts. In view of these principles the case at bar must be affirmed, notwithstanding the palpable errors heretofore specified.

The appellees operated a corn-husker and fodder cutter. Appellant was employed to feed this machine and among his duties was that of oiling it. On the rear of the machine were two cog-wheels; the one was fifteen inches in diameter, and the other three inches; these cog-wheels meshed into each other and were in plain sight from the place occupied by appellant when feeding the machine. The cog-wheels had been, before the plaintiff received his injury, and should then have been, covered by a metal shield excluding dust and guarding against accident. The shield was not in place at the time referred to but had been broken several days before, leaving the cog-wheels exposed, in which condition they had been during all the time of appellant's employment. The absence of this shield is the negligent act upon which appellant bases his right to recover; no question is made but that operating the machine without the shield was negligence. Appellant went back to the rear of the machine for the purpose of oiling the shaft to which the cog-wheels were attached. They were in plain view. It is not averred in either paragraph of the complaint that he could not or did not see them. Neither is it averred that he did not know the danger encountered by him on account of them. The first paragraph of complaint contains the following statement: "And this plaintiff now says that he was at the time of receiving his injury hereinafter mentioned ignorant of the construction of said machine, and had never given the construction of said machinery any thought or investigation." The second paragraph contains the following: "And this plaintiff now says that at the time of receiving his in-

juries hereinafter mentioned he was ignorant of the said construction of the machine and had never given its construction any investigation to know what parts were necessary and proper to render it reasonably safe to persons engaged about the same." These averments do not take the place of the necessary one that he did not know the danger connected with his employment. He was fifty years old; his eyesight and hearing were good; he had worked at the carpenter trade in a railroad repair shop about four months; had run an engine and pump four years and ten months; had seen corn-huskers running in the neighborhood for five or six years before his injury and had heard of several serious accidents connected with them. He started to oil the journal inside the cog-wheels before referred to at his own suggestion, acting upon his own judgment. He testified in part as follows: "Tell the jury whether or not the cog-wheels were in plain sight there from where you were feeding. A. I did not notice them; might have been if I had looked, but then I wasn't looking. Q. Then if you had looked down towards where the cogs were you could have seen them, could you not? A. Why yes, I might have looked round and seen them, but I didn't do it. * * * Q. Tell the jury whether or not at the time you got up here to oil this journal that goes through the large cog-wheels that you saw that this guard was off there. A. Didn't take any notice of it at all. Q. Did you see that there was no guard on there? A. Just felt round and found out it was warm and just thought it must need oiling."

In order to recover, it was necessary for appellant to aver and prove that he did not know of the danger to which he was subjected. *Daugherty* v. *Midland Steel Co.,* 23 Ind. App. 78; *Kentucky, etc., Co.* v. *Eastman,* 7 Ind. App. 514. The complaint does not state and the evidence of the appellant does not show a state of facts requiring him to be instructed as to the danger incident to rapidly revolving cog-wheels. Appellant assumed when he took his employment

such risks as were naturally and ordinarily incident to the service. *Lake Shore, etc., R. Co.* v. *McCormick,* 74 Ind. 440, 445.

He also assumed those risks which were open and obvious, or which he could have discovered by the exercise of ordinary care, and the fact that he did not know of the defect which caused his injury avails him nothing where he had an equal opportunity with the master and could by ordinary observation have seen them. *Stuart* v. *New Albany Mfg. Co.,* 15 Ind. App. 184. The doctrine of the assumption of obvious risks is totally distinct from the assumption of risks incident to the business. 1 Bailey on Master and Serv. §503. The assumption of risks, whether obvious or incidental, depends upon contract express or implied, and has no relation to the question of contributory negligence which, as its name implies, depends upon the act of the party at the time of the accident. *Louisville, etc., R. Co.* v. *Orr,* 84 Ind. 50; *Louisville, etc., R. Co.* v. *Corps,* 124 Ind. 427, 8 L. R. A. 636; *McFarlan Carriage Co.* v. *Potter,* 153 Ind. 107.

The complaint might be amended were it not for the fact that the testimony of the appellant, and no other testimony has been considered, affirmatively shows that the pleading is now quite as favorable to him as the facts justify. Upon his own sworn statements he is not entitled to recover, and the litigation should not therefore be prolonged.

Judgment affirmed.