## DIBBLE v. ROBERTS.

[No. 4,967. Filed January 25, 1905. Rehearing denied March 28, 1905.]

1. PLEADING.—*Complaint.*—*Account.*—A complaint alleging that defendant is indebted to plaintiff in the sum of $45 balance on salary and $259.44 for commission on goods sold, is an action for salary and commissions already earned, and not for breach of contract. p. 160.

2. APPEAL AND ERROR.—*Right Result.*—Where the result reached by the trial court is correct on the theories both of plaintiff and defendant, the judgment will be affirmed. p. 161.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Action by Willard R. Roberts against L. N. Dibble, doing business under the firm name of Dibble & Warner. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Ireland & Reister,* for appellant.
*Charles L. Roberts* and *Charles L. Wedding,* for appellee.

Roby, J.—Appellant's demurrer to appellee's amended complaint was overruled. He then filed a general denial and a plea of payment, to the latter of which a reply in denial was made. Trial by the court without a jury, and a general finding that there was due from the defendant to the plaintiff $296.44. Appellant's motion for a new trial was overruled, and judgment was rendered on the verdict.

The parties differ as to the theory of the amended complaint. That pleading, omitting the caption, was as follows: "Said plaintiff Willard R. Roberts complains of the defendant L. N. Dibble, doing business under the firm name of Dibble & Warner, and says: That said defendant is indebted to the plaintiff in the sum of $45, balance due plaintiff on salary, under a contract entered into between plaintiff and defendant, for his services as traveling salesman for the defendant during the year 1902, and that the defendant is indebted to the plaintiff in the further sum of $259.44, commission on goods sold over $20,000, during said year, under contract betwen plaintiff and defendant by which a commission of six per cent. was agreed upon to be paid plaintiff by the defendant; that under said contract plaintiff sold over $26,000 worth of the defendant's goods during the year 1902, and that the plaintiff in all things fully performed his part of the agreement with the defendant, amounting in all to the sum of $304.44; that said sum is past due and wholly unpaid. Wherefore," etc.

1. Appellant treats the action as one to recover damages

for a wrongful discharge of appellee, and the refusal by the appellant to continue his employment during the year 1902. This construction is not warranted. The evident purpose of the pleader was to recover a balance of salary earned, amounting to $45, and commission upon sales in excess of $20,000. No bill of particulars was filed, and there was no motion to make more specific. The allegation is that the salary was earned during the year, but that does not necessarily embrace services covering the entire year. The complaint was sufficient to withstand the demurrer.

2. The motion for a new trial requires a consideration of the evidence. There was evidence that the season of 1902, for the sale of the merchandise handled by the parties, was ended before the action was begun; that appellant had contracted to pay appellee $1,200 for the sale of $20,000 worth of goods, and six per cent. commission on the amount sold in excess thereof. Appellant testified that he had discharged appellee for nonattention to duty. There is no apparent controversy as to the amount due, and, were we to adopt appellant's theory, which we do not, an affirmance of the judgment would still be required, a correct result having been reached. §§401, 670 Burns 1901, §§398, 658 R. S. 1881; *Wortman* v. *Minich* (1901), 28 Ind. App. 31.

Judgment affirmed.