## TEAGUE v. CITY OF BLOOMINGTON.

[No. 5,975.   Filed April 23, 1907.]

1. **PLEADING.** — *Answer.* — *Argumentative Denial.* — *Sufficiency.* — Overruling a demurrer to an answer of argumentative denial is harmless error.   p. 72.
2. **SAME.**—*Answer.*—*Overruling Demurrer to, Harmless, Where Interrogatories Show Truthfulness of.*—Where the interrogatories to the jury show the allegations of a paragraph of answer to be true in fact, overruling a demurrer to such paragraph is harmless error.   p. 72.
3. **TRIAL.**—*Instructions.*—*Defining Contributory Negligence.*—*Question for Jury.*—It is not erroneous to refuse to instruct what constitutes contributory negligence, such question being exclusively for the jury.   p. 72.
4. **SAME.**—*Intervening Errors.*—*When Harmless.*—*Negligence.*—*Municipal Corporations.*—In an action for damages against a municipal corporation, because of injuries resulting from an alleged defective sidewalk, a finding of the use of ordinary care on

the part of the corporation renders harmless erroneous rulings on the answers, as well as all other intervening errors.   p. 72.

5.  TRIAL.—*Answers to Interrogatories.—Evidence.—Presumptions.* —Answers to the interrogatories to the jury are presumed to be justified by the evidence.   p. 72.

6.  MUNICIPAL CORPORATIONS. — *Negligence.* — *Sidewalks.* — *Grass-Plots.*—The maintenance, by the owner, of a wire around a grass-plot between the improved sidewalk and the street, for the protection of grass and trees growing thereon, is not negligence on the part of a city, though it made and adopted the plans permitting such use, where the sidewalk was sufficiently wide to accommodate the demands of travel.   p. 73.

7.  SAME.—*Negligence.—Sidewalks.—Shade Trees.*—It is not negligence *per se* for a city to permit the maintenance of shade trees in or along its sidewalks.   p. 73.

8.  NEGLIGENCE.—*Evidence.—Res Ipsa Loquitur.—Municipal Corporations.—Sidewalks.—Question for Jury.*—The fact that a pedestrian was injured by a wire maintained around a grass-plot between the improved sidewalk and the street does not alone show a defect rendering the city liable, the question of a defect and the city's liability therefor being for the jury.   p. 73.

9.  MUNICIPAL CORPORATIONS.—*Streets.—Sidewalks.—Control Over.* —While the public is ordinarily entitled to the free use of any portion of the streets or sidewalks, still, the corporation may lawfully devote portions thereof to other useful public purposes.   p. 74.

From Morgan Circuit Court; *James B. Wilson,* Judge.

Action by George Teague against the City of Bloomington.  From a judgment for defendant, plaintiff appeals. *Affirmed.*

*R. L. Morgan* and *East & East,* for appellant.
*Duncan & Batman,* for appellee.

COMSTOCK, J.—Appellant brought this action against the city of Bloomington to recover damages for personal injuries alleged to have been received by having tripped and being thrown over a wire about one-eighth of an inch in diameter, which was attached to the top ends of five small stakes, which were driven into the ground, about four feet apart, and left projecting about twelve inches above the edges of the intersection of two sidewalks at a crossing of Sixth and Maple streets, public streets in said city.  The

cause was put at issue, and a trial resulted in a verdict and judgment in favor of the defendant for costs. With their general verdict, the jury returned answers to interrogatories.

The errors assigned are the action of the court in overruling appellant's demurrer to the second and third paragraphs, respectively, of appellee's amended answer to appellant's amended complaint, and in overruling appellant's motion for a new trial. No question is made upon the sufficiency of the complaint, and we deem a further statement of its contents unnecessary.

The first paragraph of the amended answer was a general denial. The second alleges, substantially: That, prior to the bringing of the action, Sixth street, at the point refered to in the plaintiff's complaint, was improved by defendant, according to plans and specifications adopted by the defendant, as by law required, and that, in the construction of said street at said point, a brick sidewalk, six feet wide, was constructed along the north side thereof, abutting and adjacent to the property line on said side of said street; that immediately south of said sidewalk, at the point of said alleged injury, and abutting the south side of said sidewalk at said point, was a tree plot or grass plot about six feet in width, and extending westwardly along the south side of said sidewalk from Maple street; that, at and prior to the time of the injury alleged by plaintiff, said city, in accordance with plans and specifications duly adopted, had improved Maple street at the point where the injury occurred, and, in accordance with said plans and specifications, had constructed a brick sidewalk six feet wide along the west side of Maple street at said point, which sidewalk abutted and was adjacent to the property line of the property owners along the west side of Maple street, and intersected said north sidewalk on Sixth street at the point where plaintiff was injured; that the stakes mentioned in plaintiff's complaint as obstructions were situated in said tree plot; that one of said stakes was set in the tree plot near the corner of the

intersection of said sidewalks; that others were set in said tree plot along the south side of said north sidewalk along Sixth street and along the west side of said west walk along Maple street; that a wire was attached to the top of each and connected all of said stakes, and was so arranged as a protection for said tree plot, and to prevent pedestrians from crossing over and trespassing on the same; that none of said stakes or the wire was upon or extended across any of said sidewalks or either of them; that in laying out said streets said tree plot had been established for the purpose of beautifying said street, and was not intended to be used by pedestrians for travel, and that the same was shown by the plans and specifications adopted by the common council, and that said improvements had been made and maintained, in the manner set forth in said plans and specifications, for a number of years prior to the injury; that both of said sidewalks at said point were of ample width to accommodate all travel.

Said third paragraph of amended answer is similar to the second, except the added averments: ''That at the time of said injury, and continuously to the present time, the property immediately in front of which is the tree plot described in the plaintiff's complaint, to the point where his injuries are alleged to have occurred, was owned by Jacob Miller; that said tree plot was left for ornamentation, and that said Miller accepted the same for such purpose, and had placed trees and grass thereon, in accordance with the plans of said city, and placed the stakes and wires complained of in plaintiff's complaint in such tree plot for the protection thereof and to prevent persons passing along said streets from trespassing upon and injuring the trees; that said stakes and wire were not of a dangerous character, and were in plain view to pedestrians passing along said street; that at the time of said injury said city maintained four electric lights, all of which shone directly upon the point where said injury is alleged to have occurred, and made said stakes and

wire visible to any one passing along said sidewalks and using ordinary care; that said stakes and wire were so placed that persons using said sidewalks could in no way be tripped or injured thereby, so long as they remained on the sidewalk."

1. It was not error to overrule the demurrer to the third paragraph of the answer. It is clearly good as an argumentative denial. The overruling of the demurrer to the second paragraph was harmless, be-

2. cause the facts averred are found by the answers to interrogatories returned by the jury to be true.

Appellant insists that the court erred in refusing to give to the jury instruction ten, requested by him. This claim cannot be allowed, because the instruction under-

3. takes to tell the jury what would constitute contributory negligence on the part of appellant, a fact which was exclusively for the determination of the jury.

The controlling question is whether the appellee was guilty of negligence in the facts shown by the record in the cause. If appellee was not guilty of negligence, then,

4. without reference to the sufficiency of the second and third paragraphs of the answer, or any intervening error, the judgment should be affirmed. *Wortman* v. *Minich* (1901), 28 Ind. App. 31.

It is shown by the answers to interrogatories submitted to the jury, and it will be presumed that they were fully justified by the evidence, that appellant received his in-

5. jury by reason of tripping over a wire stretched to stakes driven in the tree plot on West Sixth street in the city of Bloomington, at its junction with Maple street, and while trying to pass from Maple street to Sixth street; that said tree plot was constructed under the plans and specifications adopted by the common council of said city for the improvement of said street; that said stakes had been driven and the wire stretched for the purpose of protecting said tree plot; that neither said wire nor said stakes in any

manner extended onto or over any part of the paved side-walk; that the paved sidewalk was six feet wide on both Maple and Sixth streets; that only one other person besides plaintiff was traveling on the sidewalk at the point where the accident occurred, and that there was sufficient space of good, paved, smooth sidewalk for plaintiff to pass, and that there was nothing to prevent him from passing from the walk on Maple street and turning north on Sixth street; that there were electric lights enough for him to see the stakes and wire three or four feet away, if he had ordinary eyesight; that he had ordinary eyesight, and that he knew he was about to pass over a part of the tree plot.

6. Grass-plots are ornaments; and shade trees along the side-walk give protection from the heat in summer. While they may be obstructions, yet, when ample width is left to answer the demands of travel, they are such obstructions as serve a useful purpose, and are not inconsistent with the object for which streets are made and maintained. Like a fence, a hydrant, a hitching post, telephone or telegraph poles, they are lawful obstructions. *Lostutter* v. *City of Aurora* (1891), 126 Ind. 436, 12 L. R. A. 259; *Dougherty* v. *Trustees, etc.* (1899), 159 N. Y. 154, 53 N. E. 799; *Gottsberger* v. *Mayor, etc.* (1894), 29 N. Y. Supp. 592; *City of Vincennes* v. *Spees* (1905), 35 Ind. App. 389; *Weinstein* v. *City of Terre Haute* (1897), 147 Ind. 556.

7. Sections 3541, 4198 Burns 1901, §§3106, 3229 R. S. 1881, give to municipal corporations the right to regulate the planting, maintaining and protection of shade trees. It is not negligence *per se* to maintain them.

8. It is the duty of a municipal corporation to use reasonable care to keep its streets in a safe condition; it has a right to devote the sides thereof to other useful purposes, provided it leaves an unobstructed way of ample width for pedestrians. If the city is liable in the case at bar, it is because it permitted a condition to exist which constituted a dangerous obstruction of a public high-

way. The mere fact that appellant was injured, would not necessarily show that the wire so strung, was dangerous, from the fact that the jury found that it was sufficiently conspicuous and safe for all ordinary purposes. This was a fact which was for the determination of the jury and which was decided adversely to the plaintiff.

The general proposition that the public is entitled to the free use of any portion of a public street, must be accepted with the qualifications that a municipal corporation may devote portions of the sidewalk to other purposes useful and convenient to the public.

Judgment affirmed.