## INDIANA STOVE WORKS *v.* HOWDEN.

[No. 6,872. Filed December 7, 1909.]

MASTER AND SERVANT.—*Negligence.—Ordinary Work.*—An experienced stove mounter who, under orders from his foreman to mount a certain number of stoves, and who, in pursuance thereof, attempted to chisel off projections from a grate preparatory to fitting it into a stove, whereby his eye was destroyed by a flying particle, cannot recover damages therefor.

From Posey Circuit Court; *O. M. Welborn,* Judge.

Action by Robert F. Howden against the Indiana Stove Works. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Elmer E. Stevenson* and *Iglehart, Taylor & Heilman,* for appellant.

*G. V. Menzies* and *Philip W. Frey,* for appellee.

Roby, J.—This is an action by appellee to recover damages for a personal injury—the loss of an eye—which is alleged to have been caused by the negligence of appellant. The appellee had a verdict and judgment for $2,000.

The errors assigned are the overruling of appellant's demurrer to the complaint and overruling its motion for a new trial.

The view which is taken renders it unnecessary to pass on the pleading. The testimony of the appellee is that he was, on September 25, 1906, in the employ of the appellant as a "stove mounter." He was forty-two years of age. He had worked for the appellant continuously before the accident for eight or nine months. He had had twenty-four or twenty-five years experience as a stove mounter. He was working on a grate for an "oak stove" at the time he was injured. The grate had been moulded the day before, and he took it to put it in and finish the stove. The pieces necessary to make a stove were placed on a shelf. There were two grates on the shelf. He took them off, carried them to the emery-wheel and ground them. After grinding the grates he took them to the foreman and asked if he should use them. The foreman said he wanted the stoves off the floor, and told him to go ahead and use the grates. Appellee thought the grates were in a bad condition, and told the foreman that they were dangerous, and that the pieces were too big to chisel off. He meant by that that they were too big to be taken off in that place, as there was danger of metal flying into his eye. He knew that there was danger in chiseling off the piece. He was injured while knocking a projection off the grate.

The projection would have interfered with the sliding of the grate. He saw this rough place, and knew that it was necessary that it be taken off. He used a hammer and chisel to remove it. He placed the casting on top of a vise, placed the chisel against the projection, and struck it with the hammer. On the second stroke a piece of metal came off the grate and hit him in the eye, destroying the sight. He used his own judgment as to the best method of removing the rough place and was familiar with the use of a chisel and hammer in such work. The only order or direction received by the appellee was to "go ahead and use the grates." Taking the statement of the witness, together with all inferences deducible therefrom, it yet affirmatively appears that the appellant has done nothing of which appellee can justly complain, and nothing which can be made the basis of a charge of negligence. It would be carrying the doctrine of negligence beyond all limits to sustain this judgment. The order to go ahead and use the grates was within the authority of the foreman. Appellee might as well insist that the appellant is liable because it hired him, as that it is liable because it put him to work. The employe was a skilled adult, and no instructions as to the manner of fitting the grates were required or given. He used the cold-chisel at his own suggestion, and used it as his own admitted skill dictated. The result is not one for which any one else was responsible. Liability for damages caused by the use of a cold-chisel was in the case of *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588, 602, carried farther than the writer of this opinion is willing to go. The authority of that case does not, however, reach the facts of this one. The appellee's testimony shows that he has no case. *Wortman* v. *Minich* (1901), 28 Ind. App. 31.

The judgment is reversed, with instructions to sustain the motion for a new trial and for further consistent proceedings.