CATHERINE CORCORAN *vs.* THE CITY OF NEW HAVEN ET ALS.

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and WOLFE, Js.

Argued April 18th—decided June 18th, 1928.

*Louis Feinmark,* for the appellant (defendant City of New Haven).

*Charles S. Hamilton,* for the appellee (plaintiff).

*Thomas R. Robinson* and *Vincent P. Dooley,* for the appellees (defendants Gesule and Maria Damato).

BANKS, J.   The plaintiff brought this action against the city of New Haven to recover damages for personal injuries suffered by her as a result of tripping over a wire which was stretched around a grass plot between

the sidewalk and the curb in front of property owned by the defendants Damato in the city of New Haven. Under and by virtue of a charter provision the city cited in the defendants Damato as codefendants and filed a cross-complaint in which it sought to recover from them any damages for which it might be held liable to the plaintiff. The plaintiff and her sister, who live on Dorman Street in New Haven, alighted from a trolley car on Dixwell Avenue at the corner of Dorman Street, which intersects Dixwell Avenue from the west, but does not cross it. It was between nine and ten p. m. and raining, and plaintiff and her sister ran from the car to the east curb of Dixwell Avenue at a point in front of the house owned by the defendants Damato which was about opposite Dorman Street. On the east side of Dixwell Avenue there is a sidewalk of concrete about seven feet wide and between this and the curb a grass plot about fourteen feet wide. In front of the entrance to the Damato house there is a concrete walk about four feet wide from the concrete sidewalk to the street. About nine feet north of this there is a concrete driveway about eight feet wide, and about twenty feet south of the four-foot walk there is another concrete driveway about eight feet wide. There is a row of large elm trees in the grass plots along the east side of the street. About two months before the accident to the plaintiff the son of the defendants Damato had sowed the two plots in front of their house with grass seed, and had strung a copper wire around them attached to stakes about twelve inches from the ground. When the plaintiff and her sister reached the curb there was a man standing on the four-foot walk which led from the curb to the concrete sidewalk in front of the Damato house and they attempted to reach the sidewalk by crossing the grass plot north of this walk. In doing so they tripped over the wire which

was stretched around it and fell, the plaintiff receiving the injuries for which she is seeking to recover. Upon these facts, as to which there was no serious dispute, the city claimed that as a matter of law the plaintiff's injuries were caused by her own negligence and that the city had violated no duty which it owed her. It further claimed that the charge of the court failed to give the jury proper instructions as to the respective obligations of the parties under the circumstances disclosed by the evidence. The principal question here involved is as to the nature and extent of the duty owed by a municipality to a traveler upon its streets with respect to that portion of the street between the sidewalk and the curb which it has permitted to be devoted to ornamentation rather than travel. Many of our residential streets are so laid out that there are grass plots between the sidewalk and the curb, sometimes of considerable width, which not infrequently contain trees, flowers or ornamental shrubs which serve the purpose of making the street more attractive to those who live upon it or pass through it. These areas so devoted to ornamentation are still a part of the highway and the municipality is bound to use reasonable care to keep them in reasonably safe condition for travelers. It is obvious, however, that the duty resting upon the city with regard to the maintenance of such areas, and that resting upon a traveler upon the street with regard to their use, are quite different from those imposed upon them with regard to the traveled portion of the street or sidewalk. The general proposition that the public is entitled to the free use of any portion of a public street must be accepted with the qualification that certain portions of it may for the benefit and convenience of the public be devoted to other purposes than travel. When this is done with due regard to making the traveled part of the highway adequate and reasonably safe,

the result is to warn travelers to take the ways provided and to segregate the parts reserved from general travel use. Since it is not intended that there shall be travel upon such areas, objects may be maintained upon them which would be obstructions if they were upon the traveled portion of the street, and since the public are not expected to pass over such areas they may be protected and guarded against use by travelers by suitable guards, and proper barriers for that purpose are not obstructions or nuisances if they are not maintained so as to become dangerous to travelers. *Dougherty* v. *Village of Horseheads,* 159 N. Y. 154, 53 N. E. 799; *Teague* v. *Bloomington,* 40 Ind. App. 68, 81 N. E. 103; 20 L.R.A. (N. S.) 593; 40 L.R.A. (N. S.) 94; 13 R.C.L. p. 260. Travelers who leave the way provided for them and attempt to cross a plot devoted to ornamentation may not assume that it is free of obstructions as they may do in the use of the traveled portion of the highway. They must exercise due care to discover obstructions since they cannot assume that they do not exist. *Birmingham* v. *Carle,* 191 Ala. 539, 68 So. 22, L.R.A. 1915F, 797, 802; *Raymond* v. *Lowell,* 60 Mass. (6 Cush.) 524, 531; 13 R.C.L. p. 469.

The attempt of the plaintiff to cross from the curb to the sidewalk by passing over this grass plot, rather than by using the walk provided, was not necessarily negligent as a matter of law. The place where she started to cross was a part of the highway where she had a right to go, although she could not rely upon its being free from obstructions and was bound to make a reasonable use of her senses to find out the condition of the ground that she was to pass over. She testified that she did not know of the existence of this obstruction and the jury could reasonably have so found. Whether under the circumstances, if she had made a reasonable use of her senses, she should have seen this

wire, which was stretched about a foot above the ground along the line of the curb, and have avoided tripping over it, was a question of fact for the jury under proper instructions by the court. The right of the city to maintain or permit the maintenance of a barrier to prevent the crossing of this grass plot, did not free it from the obligation to use reasonable care to see that its character and condition were not such as to make it dangerous to the safety of a traveler who attempted to pass over it in the exercise of due care. *Barnesville* v. *Ward,* 85 Ohio St. 1, 96 N. E. 937, 40 L.R.A. (N. S.) 94; 13 R.C.L. p. 384. Whether or not the city did use reasonable care to make this portion of the highway reasonably safe was a question of fact for the jury. There was no error in the refusal of the trial court to set aside the verdict of the jury.

Error is predicated upon the failure of the trial court to comply with certain requests to charge in which the defendant city asked the court to charge that a property owner had the right to cultivate any portion of the highway in front of his property not wrought for public travel, either to beautify the locality or for any other legitimate purpose, subject to the right of the public to use all of the highway as occasion might require, and that it was expected that travelers would under ordinary conditions use the commonly traveled portions of the highway; that as incident to this right the property owner had a right to place obstructions to deter travelers from injuring the ground cultivated by him provided such obstructions do not necessarily obstruct or endanger public travel, and the fact that such an obstruction has been placed in the highway does not make the city liable for failure to remove it unless it is shown that it is unreasonable in view of all the surrounding circumstances. While not required to charge in the language of these requests, we think the

city was entitled to have the substance of them stated to the jury. *Tiesler* v. *Norwich,* 73 Conn. 199, 47 Atl. 161; *North* v. *New Britain,* 78 Conn. 145, 61 Atl. 68. The charge correctly stated the broad duty of the city to use reasonable care to keep its streets in a reasonably safe condition for public travel. It nowhere applied the general rule to the situation disclosed by the evidence of an obstruction outside of the traveled portion of the street which the property owner had the right to erect and which the city was not bound to remove unless it obstructed or endangered public travel. On the contrary, the charge rather emphasized the duty resting upon a city, stating: "On a country road an obstruction along the side of the road, outside of the way of travel, would not probably constitute a defect; whereas the same kind of an obstruction—a hole or spot—might be a defect in a crowded city street where there is more traffic, or near a city sidewalk." This language is not criticized nor subject to criticism, but standing alone it permitted the jury to draw the inference that this wire, an admitted obstruction, being near a sidewalk in a crowded city street, must necessarily have constituted a defect for which the city was liable. In fairness to the city this should have been followed by a statement that a portion of a city street may be devoted to other purposes than that of travel, that the city may permit the erection of barriers to prevent travel across such areas and that such barriers do not constitute defects in the highway if they are not maintained so as to be dangerous to travelers, and that this wire was stretched along the curb to prevent people from crossing the grass plot where they were not intended or expected to pass. The distinction between that situation and an obstruction or defect in the traveled portion of the street or sidewalk is one which the city was entitled to have brought to the attention

of the jury. The failure to do so must be deemed to have been prejudicial to it. The defendant city also requested the court to charge that when a traveler departs from that portion of the highway which is marked for travel it is his duty to exercise due care to ascertain the condition of the highway which he is about to travel. The court charged that one using a highway has a right to use any part of it and suggested that if one went way off to the side of a country road where bushes and trees grow and stubbed his toe it might be his own fault. Here again the court failed to call the attention of the jury to the fact that the spot where plaintiff attempted to cross was set apart for ornamentation and not for travel. We think that the court should have told the jury that the plaintiff, having left the traveled portion of the road, was not entitled to assume that there would be no obstructions or barriers upon or around the grass plot, and was therefore held to a higher degree of care in ascertaining the condition of the area she was about to pass over than if she were walking upon the sidewalk proper.

The motion of the defendant city to set aside the verdict in favor of the Damatos upon its cross-complaint was properly denied. These defendants both testified that they had no knowledge of the presence of this wire until after the plaintiff was injured and that question of fact was properly submitted to the jury. Nor do we think the court erred in failing to give any of the numerous requests to charge upon the question of the liability of the defendants Damato, or in the charge as given upon that subject. The defendants Damato were cited in by the city under a charter provision which reads in part: "Whenever any person shall cause any defect in, or place, or cause to be placed, any obstruction on any of the streets of the city of New Haven, such person shall be held to answer

any claim for damages which may be made against said city for such damages and such person may be cited in to defend the same." Special Laws, 1921, p. 500. The cross-complaint sets up a cause of action under this charter provision and the case of the city against these defendants was tried upon the theory that they had placed or caused to be placed this obstruction in the street and could be held liable to answer the plaintiff's claim for damages against the city because of the same. Many of the city's requests to charge were not appropriate to the issues raised by the cross-complaint and the answer to it, and the charge as given was adapted to the issues between the city and the Damatos, correct in law and sufficient for the guidance of the jury.

The rulings on evidence which are excepted to were as to matters within the discretion of the court.

There is no error in the judgment upon the cross-complaint in favor of the defendants Damato. There is error in the judgment in favor of the plaintiff which is set aside and a new trial ordered.

In this opinion the other judges concurred.