ALBERTA ALLEN *v.* MILDRED MUSSEN ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 5—decided June 10, 1942.

*Leslie N. Davis,* for the appellant (plaintiff).

*Freeman Light* and *Leon K. Paris,* for the appellees (defendants).

BROWN, J. The plaintiff brought this action against the defendants to recover damages for personal injuries suffered by her as a result of tripping over a piece of wire netting spread upon a grass plot between the sidewalk and the curb in front of their property. The first count alleged a cause of action for nuisance, and the second for negligence. In addition to those referred to later in this opinion, these material facts in substance were found by the court: The defendants owned the house in which they lived, their land fronting fifty feet on the north side of Fifth Street in Norwalk. Prior to May 6, 1940, they had sown grass seed on a bare spot in the grass plot which existed in the highway between the sidewalk and the curb and extended along the front of their property. To protect the seed they temporarily covered the spot by laying a piece of galvanized wire netting about two feet wide and five feet long flat upon it. The wire nearly covered the space between the sidewalk and the curb where it was laid. On May 6th the grass had not grown sufficiently thick or long to cover or conceal it. At that time, both by daylight and at night by the light from a street lamp on a utility pole eleven feet to the west, the wire was easily visible to anyone exercising reasonable care. Shortly after 10 o'clock on that evening the plaintiff crossed the traveled way of Fifth Street diagonally in a northwesterly direction,

stepped upon the curb without looking down at the grass plot, was tripped by the wire and fell, causing injuries to her nose and left knee. She did not see the wire before her fall. A person walking over the wire without observing it would not necessarily be tripped by it. The defendants did nothing by signs or otherwise to warn travelers of the presence of the wire on the grass plot. There was no paved walk across the grass plot in front of the defendants' property but a cement driveway entered it on its easterly side and a similar driveway served the adjoining property to the west. The laying of the wire on the grass plot temporarily to protect the grass seed did not unreasonably obstruct or endanger public travel and did not create a condition of inherent danger.

Among the court's conclusions were these: (1) In view of the fact that the grass plot was not a space primarily designed for travel, any person using it for travel would not be entitled to assume that it would be free from all obstructions; (2) any pedestrian making a reasonable use of his senses before stepping on the ground where the wire was laid would have seen the wire on the ground and would have been able to avoid tripping over it; (3) therefore, it did not offer any dangerous obstacle to traffic and accordingly was not a nuisance, so that the plaintiff had no cause of action against the defendants on this ground; (4) the defendants were free from any negligence which was a substantial factor in producing the plaintiff's injuries; (5) the plaintiff was guilty of contributory negligence in that she failed to exercise reasonable care to observe the condition of the ground where she undertook to walk. The court rendered judgment for the defendants and the plaintiff has appealed.

The trial court based its decision upon the principles enunciated in *Corcoran* v. *New Haven*, 108 Conn.

63, 142 Atl. 569, where we held that: (1) The general rule that a traveler is entitled to the free use of any portion of a public street is subject to the qualification that certain sections of it may for the benefit and convenience of the public be devoted to other legitimate purposes than travel; and such areas may be protected against use by guards or barriers which do not obstruct or endanger public travel and are not unreasonable under all the circumstances; (2) while the plaintiff was not necessarily negligent as a matter of law in attempting to cross the grass plot (similar in location to the one in the instant case), she was not entitled to assume that it would be free from obstruction and was bound to make reasonable use of her senses to discover the condition of the ground under foot; (3) whether the city had violated its duty or the plaintiff hers was a question of fact for the jury. It is manifest upon the facts found that, if the duty resting upon the parties in the present case is determined by these principles, the court's conclusions and judgment cannot be disturbed, although had the wire been located in the traveled portion of the highway the different rules then applicable might well call for a contrary result.

Recognizing this, in arguing the plaintiff's appeal her counsel states that the main issue is whether or not the law as set forth in the *Corcoran* case is applicable as held by the trial court, and frankly admits that if it is her appeal must fail. She contends that it is not applicable because the court was in error in refusing to find that the grass strip here involved was not a "park strip," as was the place of the plaintiff's fall in the *Corcoran* case. She further claims that, even though she is not entitled to a correction of the finding in this connection, that case is not controlling because the rule determinative of a munici-

pality's liability under such circumstances is different from that applicable to abutting owners such as these defendants. The plaintiff is entitled to no correction of the finding. This shows that the purpose of maintaining the grass plot already described was to enhance the beauty of the street and the abutting properties; and that the plot was designed for the purpose of ornamentation, and not primarily for public travel. In argument counsel for the plaintiff has characterized the grass strip as a "place for poles" but suggests no reason for distinguishing between this as a park strip and the grass plot which was held to be such in the *Corcoran* case. In view of the location, nature and purpose of maintaining this strip as found by the court, the mere fact that it was substantially narrower than the fourteen-foot strip in that case is of no consequence. Refusal of the court to find that this was not a park strip was correct and this is conclusive against the plaintiff's first contention.

The defendants as abutting owners are presumed under the law of this state, no evidence having been offered to the contrary, to own the fee of the land to the center of the highway. *State* v. *Muolo,* 119 Conn. 323, 326, 176 Atl. 401; *Knothe* v. *Zinzer,* 96 Conn. 709, 714, 115 Atl. 477; *Newton* v. *New York, N. H. & H. R. Co.,* 72 Conn. 420, 426, 44 Atl. 813. Therefore as to this land within the limits of the highway the defendants retained all rights not incompatible with the public easement. *State* v. *Muolo,* supra, 326; *Knothe* v. *Zinzer,* supra, 713; *Newton* v. *New York, N. H. & H. R. Co.,* supra, 426; *Peck* v. *Smith,* 1 Conn. 103, 146. Apparently appreciating the subversive import of these principles with relation to her second contention that a broader rule applies as to the liability of an abutter than as to that of the municipality established by the *Corcoran* case, the plaintiff claims

that an ordinance of the city of Norwalk is effective to distinguish this case and to render the rule of that case inapplicable. This ordinance provides that any person who shall "without a written permit from the Street Commissioner . . . place or cause to be placed any obstruction" upon "any portion of the streets, highways, sidewalks, gutters or public places in said City . . . shall be guilty of a misdemeanor." The plaintiff's contention is, not that the defendants' claimed violation of this ordinance constituted an actionable nuisance, but that the city's exercise of its police power by its enactment was effective to preclude the existence of any "implied authority from the City giving the defendants jurisdiction over the grass plot." As was pointed out by the trial court in its memorandum of decision, however, and was subsequently substantiated by its finding and conclusions, the condition created by laying the wire on the grass plot was not dangerous to travelers and therefore it was not an obstruction within the terms of the ordinance. As is stated in the *Corcoran* case (p. 67): "Since it is not intended that there shall be travel upon such areas, objects may be maintained upon them which would be obstructions if they were upon the traveled portion of the street, and since the public are not expected to pass over such areas they may be protected and guarded against use by travelers by suitable guards, and proper barriers for that purpose are not obstructions or nuisances if they are not maintained so as to become dangerous to travelers." The location and nature of the wire and not the agency operative in placing it there determined that it was not an obstruction. The ordinance therefore did not affect the situation, and, in view of the rights of the defendants as abutting owners and the fact that the grass plot was one which had existed for a number of

years and which an ordinance required the defendants to keep mowed, the court very properly made the further finding that the city permitted the abutting owners to maintain this strip.

For the reasons suggested in the preceding paragraph the claim in the plaintiff's brief that the defendants were guilty of a "trespass" in placing this wire within the limits of the highway and that therefore it constituted an obstruction which was a nuisance per se is without foundation. No sound reason has been advanced by the plaintiff for applying a different rule to determine the liability of these defendants from that applied in the *Corcoran* case to determine the liability of the defendant municipality, and none occurs to us. As we have pointed out, the defendants had the right to use the part of their land in question in any manner not incompatible with the city's easement. The *Corcoran* case recognizes that the city in the exercise of its easement can maintain park strips as distinct from the traveled portion of the highway, and that as to the former it owes a lower degree of care to a traveler than as to the latter. In maintaining this grass strip the defendants were doing just what the city itself might properly have done under its easement, and, as the court has found, were doing it with the city's permission. Under these circumstances the only reasonable and logical conclusion possible is that the duty resting upon these defendant abutting owners was identical with that resting upon the municipality as determined by the *Corcoran* case. The duty of an abutting owner in such a case as this and of a municipality are alike to use reasonable care to keep the premises reasonably safe. *Waterbury* v. *Clark*, 91 Conn. 254, 257, 99 Atl. 578; *Petrelli* v. *New Haven*, 116 Conn. 144, 149, 163 Atl. 759. Under the rule laid down in the *Corcoran* case, the court's conclusion that the wire did not con-

stitute a nuisance, the defendants were not negligent and the plaintiff was contributorily negligent cannot be disturbed. Since our own cases are decisive of the question raised, it would serve no good purpose to analyze the numerous cases from other jurisdictions cited by the plaintiff.

The court admitted testimony of a witness that, standing under the light near the spot where the accident occurred, she read a newspaper. The plaintiff objected on the ground that it did not appear that the conditions were the same as at the time of the accident. The witness, however, testified that there had been no change in the lighting of the street and the court, on the basis of that evidence, was justified in admitting the testimony.

There is no error.

In this opinion the other judges concurred.