[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT ON COUNTS TWO AND FOUR
This is an amended four-count complaint to recover damages for personal injuries against the defendants, the Town of East Hartford (town) and several employees of the town (municipal employees), arising from a fall over a surveyor stake in the treebelt area between the sidewalk in front of plaintiff's home and Summerset Drive in East Hartford. The plaintiff alleges that the surveyor stake was placed at that location while the defendant town was reconstructing Summerset Drive.
In count one of the amended complaint, plaintiff alleges that the defendant town failed to keep and maintain the streets and sidewalks in a reasonably safe condition as required by the defective highway statute, General Statutes13a-149. In count two, plaintiff alleges that the defendant town was negligent in its maintenance of the streets and sidewalks. In count three, plaintiff alleges that the municipal employees were negligent in the performance of their duties. In count four, plaintiff alleges that the defendant town is liable for the acts of its employees under General Statutes 7-465.
The town moves for summary judgment on counts two and four on the ground that the defective highway statute is the plaintiff's sole remedy against the defendant town.
The plaintiff argues in opposition to the present motion that the repavement of town streets is not a municipal function and therefore, the defendant town is not protected by CT Page 8541 governmental immunity.
The construction and maintenance of streets is a governmental act. Scoville v. West Hartford, 131 Conn. 239,241, 38 A.2d 681 (1944). The grassy areas between the sidewalk and the curb are considered part of the highway. Corcoran v. New Haven, 108 Conn. 63, 66, 142 A. 569 (1928).
A person who is injured on a defective highway "may recover damages from the party bound to keep it in repair General Statutes 13a-149. The defective highway statute is a plaintiff's exclusive remedy against a municipality for damages resulting from injury to any person or property by means of a defective road or bridge. Sanzone v. Board of Police commissioners, 219 Conn. 179, 192 (1991).
A plaintiff may not avoid the requirements of 13a-149 by bringing an action against a municipal employee and seeking indemnification from the town under General Statutes 7-465. Pratt v. Old Saybrook, 225 Conn. 177 (1993).
The plaintiff's alleged injuries occurred at a location that is considered part of the highway. Count two of plaintiff's amended complaint is grounded in negligence against the defendant town and count four of the complaint is based on indemnification under General Statutes 7-465.
Under Sanzone, the plaintiff's sole remedy against the defendant town for injuries sustained on a defective highway is under the defective highway statute. Defendant town's motion for summary judgment on counts two and four is granted.