*New-London,*
July, 1843.

### The State *against* Brown.

*The State*
*v.*
*Brown.*

The offence prohibited by the 1st section of the statute relating to nuisances, consists in the *erection* of a building or other obstruction in the highway, in contradistinction to the *continuance* of one previously erected by another person.

Therefore, where the proof offered in support of an information against *B* for erecting a store in the highway, by which the passage of travellers was obstructed, showed only, that the store had been erected there by *A*, and that *B*, thirty years afterwards, purchased it of *A*, and occupied it where it was originally placed, and neglected to remove it, when notified to do so, by a committee of the town; it was held, that these facts did not constitute the offence charged in the information.

In an information for the continuance of a nuisance previously erected by another person, the facts ought to be set forth circumstantially.

In all cases of prosecutions for matters criminal, in which the accused has been tried and acquitted, and his acquittal has not been procured by his own fraud or evil practice, he shall not again be put in jeopardy, by a new trial granted at the instance of the public prosecutor; though in all cases of conviction, in such prosecutions, the accused is entitled to relief by new trial, in the same manner as in civil actions.

Tнis was a grand-juror's complaint, dated the 21st of *April*, 1841, against *Elias Brown*, brought originally before a justice of the peace, alleging, that there was, on the 1st of *January*, 1840, and for many years before had been, a public highway, leading from the town of *Westerly*, in the state of *Rhode-Island*, and from the borough of *Stonington*, towards and into the town of *Groton*, through the town of *Stonington*, for all the citizens of the state, on foot and with their horses and carriages, to pass and repass upon, at all times, at their free will and pleasure; that on the 1st of *August*, 1840, at or near the head of *Mistick*, in said town of *Stonington*, the defendant, with force and arms, unlawfully erected, in and upon said highway, a great part of a certain store, *viz.* ten yards in length, and ten yards in breadth, thereof; that on the 28th of *August*, 1840, the defendant was notified, by a committee of said town of *Stonington*, according to the statute in such case provided, to remove such encroachment and incumbrance from said highway, which the defendant has neglected and refused to do; that the part of said store so erected on said highway, still is, and since the 1st of *August*, 1840, has been, maintained and continued on said highway, whereby said highway, during all said time, has been, and still is, greatly

obstructed, narrowed and incumbered, so that the citizens of *New-London,* the state could not, during all that time, pass and repass in and upon said highway, as they ought and were accustomed to do ; to the great damage and common nuisance of all the citizens of the state going and returning over and upon said highway, and against the form of the statute in such case made and provided, and of evil example to others in like case offending.

*New-London,* July, 1843.

The State *v.* Brown.

It appears, that the cause was tried in the county court, held at *New-London,* on the second *Tuesday* of *June,* 1842 ; but how it came there, the record does not disclose. By appeal of the state's attorney, it came to the superior court, at its term in *September,* 1842 ; and thence, by legal removes, to the term in *March,* 1843 ; when it was tried, on the plea of *Not guilty,* before *Hinman,* J.

It was admitted, by the public prosecutor, that the highway, at the place in question, passed between tide-water and land, which, at the time of the erection of said store, was owned by *Enoch Burrows,* Esq. ; that more than thirty years ago, but since the year 1804, he erected said store on the line between tide-water and the highway, on land then claimed by him, where it has ever since stood ; that in the year 1834, the title of *Burrows* to the store and to the land on both sides of the highway, became vested in the defendant, who has since been in the possession thereof ; and that the defendant had in no way erected said store, except as he had suffered it to continue where and as it had been erected by *Burrows.*

The attorney for the state then offered evidence to prove, that a part of said store stood, and ever since its erection had stood, within the limits of the highway ; that the defendant, on the 6th of *March,* 1834, purchased it, and has ever since owned and possessed it, and the land on both sides of the highway ; that said store stands in part on the highway, as alleged in the complaint ; and that the highway was thereby narrowed and encroached upon, and the public travel incommoded and obstructed ; and that a committee of the town of *Stonington,* on the 28th of *August,* 1840, gave the defendant notice to remove said store pursuant to the provisions of the statute relating to nuisances. To the admission of this evidence, (the attorney for the state not proposing to offer any other,) the defendant objected ; and the court rejected it.

The jury thereupon found the defendant *Not guilty;* and the state's attorney moved for a new trial.

*Pomeroy* and *Wait*, in support of the motion, contended, 1. That the erection of the store by *Burrows*, was a nuisance, as it narrowed the highway and obstructed the public travel.

2. That the continuance of the store on the highway, by the defendant, was a fresh nuisance. It is the continuance of the structure, which creates the annoyance: its erection, if not continued, would be comparatively harmless. 1 *Hawk.* P. C. 214.

3. That no length of time can legalize a public nuisance. 2 *Sw. Dig.* 351. *Rosc. Cr. Ev.* 661. 1 *Chitt. Cr. Law,* 160.

4. That he who continues a nuisance, may be proceeded against under the 1st section of the statute; the law regarding him as the author of the annoyance. *Regina* v. *Watts,* 1 *Salk.* 357. *Rus. on Crimes,* 296. *in notis.* *Staple* v. *Spring* & al. 10 *Mass. R.* 74.

*Strong*, contra, after remarking. that this was not an indictment or information for a nuisance at common law, but a proceeding under our statute, contended, 1. That the defendant's continuing in the possession and occupation of a building, erected thirty or forty years before, by another person, was not an *erection* of such building within the 1st section of the statute on which the complaint was founded. The statute is highly penal, and must have a strict construction.

2. That the defendant having been once—not to say two or three times—*tried* and *acquitted*, he cannot again be put in jeopardy, at the instance of the public prosecutor—especially, in a case where there is no error on the record. *Blackstone* says, in reference to criminal cases, "there hath been yet no instance of granting a new trial, where the prisoner was *acquitted* upon the first." 4 *Bla. Com.* 361. This is not like a *quo warranto* information, which, though in the form of a criminal proceeding, is considered merely in the nature of a civil one. *The King* v. *Francis,* 2 *Term Rep.* 484.

CHURCH, J. This information, is brought upon the 1st sec-

New-London,
July, 1843.

The State
v.
Brown.

tion of the statute entitled "An Act to prevent and remove nuisances in highways, rivers and water-courses." And it is enacted, "that if any person or persons shall lay, or cause to be laid, in any highway, stones, trees, &c.; *or erect* any buildings therein, by which the passage of travellers shall be obstructed, prevented or endangered, or such highway annoyed, or in any way encumbered; the same shall be deemed a common nuisance, &c.; and every person so offending shall forfeit the sum of four dollars." *Stat.* 479. *tit.* 74. (ed. 1838.) It was admitted, on the trial, that the store or building charged in the information as being an encroachment and nuisance upon the highway, was erected by *Enoch Burrows*, Esq., more than thirty years ago. The defendant had become the purchaser of it, and its occupant, in 1834; and is now in possession, and had neglected to remove it, when notified, by a committee of the town of *Stonington*, in 1840. And the public prosecutor did not claim, that the defendant had done any other act to subject himself to the provisions and penalty of the statute.

No act is a violation of a penal statute, unless it falls within its spirit and the fair import of its language. *The United States* v. *Sheldon,* 2 *Wheat.* 119. *Daggett* v. *The State,* 4 *Conn. R.* 60. *Leonard* v. *Bosworth,* 4 *Conn. R.* 421.

The facts offered to be proved in this case, do not constitute the offence charged in the information: they do not bring the defendant either within the words or intention of the 1st section of the statute. It is the erection of a building within a highway, which is prohibited and punished by this section of the law, and not merely its continuance there, or the permitting it to remain by an innocent purchaser—a stranger to its original erection. It is admitted, that this store was erected, by *Enoch Burrows,* in 1804, or soon after: it could not, therefore, have been erected by this defendant, thirty years afterwards.

That the defendant may have been guilty of continuing a nuisance, is possible; but for that offence, if it be one, he is not prosecuted; and for that, this statute provides no punishment. If both the erection of the store and its continuance upon the highway, were offences, they were distinct, committed by different persons, and at different times. If this defendant can, under this information, be punished for the

New-London,
July, 1843.

The State
v.
Brown.

erection of the store, he will be punished for the act of *Burrows*, to which he was not accessory.

Whether at common law, the continuance of that which, when erected, was a nuisance, without any new act done, can be punished as a new nuisance, we need not now enquire; because this information does not embrace any such case, nor charge any such offence. The public, in such case, are not without remedy; because the occupant of the building may be compelled to remove it, under the 2d section of this statute.

And we think, too, that the voluntary act of erecting a nuisance involves a much higher degree of moral turpitude and criminality, than the facts offered to be proved in this case evince; and of course, that these do not fall within the spirit and intent of this enactment. It is true, that for most, if not all civil purposes and responsibilities, the continuance of a nuisance is equivalent to the creation of one; and if this be so *criminaliter*, as the prosecutor contends, we think the information ought to set forth the facts circumstantially; and that it is not enough merely to allege the erection of a nuisance, as if the defendant was its original cause.

This defendant was tried in the superior court, and upon a fair hearing, has been acquitted, by the jury there; and yet, the public prosecutor on behalf of the state demands a new trial! This is a bold experiment; and has never, to our knowledge, been made before in this state.

We need not go into an examination of the law of *England*, or of our sister states, in regard to the granting of new trials, upon conviction in criminal prosecutions, whether they be for treason, felony or misdemeanours. This is a case of acquittal; and it is conceded every where, where the principles of the common law of *England* are recognized and prevail, that in all cases of indictments or informations for matters criminal, in which the accused has been acquitted, and his acquittal has not been procured by his own fraud or evil practice, he shall not again be put in jeopardy, by a new trial granted upon the motion of the state or the public prosecutor. This is a case of such a character, being strictly criminal, both in form and purpose. 1 *Chitt. Cr. Law*, 657. *Graham on New Trials*, 505. *The King* v. *Mawbey*, 6 *Term Rep*. 625. *The King* v. *Oxford*, 13 *East*, 412. *in notis*.

*The King* v. *Reynall*, 6 *East*, 315. *The King* v. *Mann*, 4 *New-London,*
*Mau. & Selw.* 335. 3 *Bla. Com.* 387. *Christian's* notes. *July, 1843.*
*The People* v. *Comstock*, 8 *Wend.* 549. *The King* v. *Bear,* ——————
2 *Salk.* 646. *The King* v. *Davis*, 1 *Show.* 336. *The King* The State
v. *Bowden*, 1 *Levinz*, 9. *Hannibal* v. *Spaulding*, 1 *Root*, 86. Brown.

In civil actions for the recovery of penalties, and in some
cases where the form of proceeding is criminal, if the object
is only to establish a civil right, as in cases of *quo warranto,*
&c. new trials may be granted, even after an acquittal. And
in the case of *Wilson* v. *Rastal*, 4 *Term Rep.* 753., the court
expressly alludes to the established distinction in this respect,
between civil actions for the recovery of penalties, and public
prosecutions for public offences. *Calcraft* v. *Gibbs*, 5 *Term
Rep.* 19. *The King* v. *Francis*, 2 *Term Rep.* 484. Lord
*Selsea* v. *Powell*, 6 *Taun.* 297. But in such cases, the better
opinion seems to be, that new trials will only be granted for
the misdirection of the judge in matter of law. *Brooke* q. t.
v. *Middleton*, 1 *Campb.* 450. *Graham on New Trials*, 534.
and the cases there cited.

Our statute authorizing writs of error and new trials in
criminal cases, was not intended to invade the common law,
by giving to the state the power of putting an accused person
upon a second trial for the same offence, after his fair ac-
quittal. It provides for the *party aggrieved ;* which, in com-
mon acceptation, means individual parties, or the state in its
corporate character, and not the public, or the people. It
provides no mode of service of process, except as against the
state. This statute may, to be sure, authorize new trials in
all cases of civil actions between party and party, for the re-
covery of penalties for other legal causes beside the misdirec-
tion of the judge ; but this we do not determine. But in all
cases of conviction, in criminal prosecutions, the accused, by
our law, is entitled to relief by new trial, in the same manner
as in civil actions ; and our courts do not, in such cases, as is
sometimes done elsewhere, turn the convict round to the
clemency of the pardoning power, where the penalty alone is
remitted, while, though he may be innocent, the disgrace and
degradation remain.

There seems to us, to be no healthy spot in all these pro-
ceedings, since they came from the hands of the justice ; and
as this defendant, as we suppose, has been twice acquitted,

we cannot advise a new trial, at the instance of the state, and in this way, subject him to another trial. The motion is denied.

In this opinion the other Judges concurred.

New trial not to be granted.