The City of Waterbury *vs.* George B. Clark.

Third Judicial District, Bridgeport, October Term, 1916.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

The owner of land abutting a sidewalk upon which a sewer-box is located, is bound to use only reasonable care to see that the box is kept in such a condition as to make the sidewalk reasonably safe for travel at that point.

A person injured by stepping into an open sewer-box sued the munici-

Waterbury *v.* Clark.

pality for its negligence in constructing the sidewalk, or allowing the box to remain in that condition, and recovered damages. Subsequently this action was brought by the city against the adjoining landowner, to recover the sum which the city had been compelled to pay, the complaint therein alleging that the injury was due to the property-owner's negligence in allowing the box to remain in a defective and dangerous condition, and that he had been notified of the pendency of the former action. *Held* that the former adjudication was conclusive upon him only in so far as it related to matters necessarily included therein; and therefore he was not precluded or estopped by that judgment from showing that he was under no duty in respect to the defect or condition of the sidewalk, and that it was not through his fault that the accident occurred.

General Statutes, § 1095, prescribes that the person who places or keeps building materials or any "obstacle" in a highway, shall pay to the municipality all costs and damages it shall sustain or be compelled to pay by reason thereof. *Held* that an open sewer-box on the sidewalk was not an "obstacle" within the meaning of this statute.

The plaintiff complained of the charge because it was not full and complete respecting its right to recover the amount of the former judgment paid by it to the person injured. *Held* that although not exhaustive, the instructions given were well adapted to the issues and questions which were properly presented and urged upon the trial, and, in the absence of any request to charge, did not entitle the plaintiff to a new trial.

Argued October 25th, 1916—decided January 5th, 1917.

ACTION to recover the amount of a judgment which the plaintiff city had been compelled to pay for personal injuries to a pedestrian caused by an open sewer-box in the sidewalk in front of the defendant's property, brought to the Superior Court in New Haven County and tried to the jury before *Curtis, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Francis P. Guilfoile,* for the appellant (plaintiff).

*Omar W. Platt,* for the appellee (defendant).

RORABACK, J. This is an action to recover damages which the plaintiff has been compelled to pay on ac-

count of personal injuries sustained by one Mary Rigney by means of a defective sidewalk in front of the defendant's premises.

It is alleged in the present action that Mrs. Rigney was injured and suffered damages by falling on this sidewalk; that her falling was caused by stepping into an open sewer-box which made the sidewalk at this point unsafe. The complaint also stated, in substance, that this sewer-box was the property of the defendant; that it was his duty to maintain the same in a safe condition; that the plaintiff city had been compelled to pay $1,000 damages in consequence of a judgment obtained against it by Mary Rigney as a result of an injury which was sustained by reason of the defendant's negligence in allowing the sewer-box to remain in a dangerous and defective condition; and that the defendant, Clark, had been notified of the previous action of Mary Rigney against Waterbury after her suit had been commenced. It appears that the city alone defended this action.

The reasons of appeal present in various forms certain questions as to the degree of care which the defendant was bound to exercise in the care of the sidewalk where this accident occurred. Upon this point, in the trial of the case in the court below, the jury were instructed that the questions to be determined in this action were as follows: "First, did the defendant, Mr. Clark, at and before the time of Mrs. Rigney's fall, owe any duty toward travelers on that street to use reasonable care to keep that sewer-box in reasonably safe condition as to travelers passing along that street. Second, did Mr. Clark, if he owed such a duty, fail to perform the duty resting upon him and so cause the injury to Mrs. Rigney? The first question, I consider, under the undisputed facts in the case, is one of law for the court to determine, and so I charge you

that at and before the time of Mrs. Rigney's fall it was the duty of Mr. Clark, the owner of the building adjacent to the sidewalk in question, to use reasonable care to keep that sewer-box in such condition that the sidewalk would be reasonably safe for travel as far as that sewer-box was concerned." To this portion of the charge the plaintiff now objects. It is claimed that the jury should have been instructed, in effect, that reasonable care meant extraordinary care, and that it was the duty of the defendant to keep the box at all times safe and secure, and to make continuous inspection for the purpose of ascertaining latent as well as apparent defects. The court, after using the language above criticised, also said to the jury: "As I charged you before, it was the duty of Mr. Clark to use reasonable care to keep that sewer-box in a condition that would make travel on that sidewalk reasonably safe for travelers. This duty imposed upon him is the duty of using reasonable care; that is, such care as a man of ordinary prudence would have used in the same situation to keep himself informed of the condition of this sewer-box."

These statements of the trial court were not only correct, but such as should have been made for the proper guidance of the jury in their deliberations upon this subject. *Chicago* v. *Robbins*, 67 U. S. (2 Black) 418, 427, 17 L. Ed. 298, 304; *Port Jervis* v. *First National Bank*, 96 N. Y. 550; *Morris* v. *Whipple*, 183 Mass. 27, 30, 66 N. E. 199; *Grand Forks* v. *Paulsness*, 19 N. D. 293, 123 N. W. 878, 40 L. R. A. (N. S.) 1158, 1163.

It cannot be said that the court below erred in not instructing the jury that the defendant in the present case was concluded by the former judgment rendered in favor of Mary Rigney against the city of Waterbury. The complaint now before us is not based upon any such cause of action. As we have seen in this case,

the controlling issue which was presented and apparently tried in the court below was upon those averments which alleged that Mr. Clark was negligent in permitting the sewer-box in question to remain uncovered when he knew, or ought to have known, of its dangerous condition. No claim was made, or request to charge suggested by the plaintiff in the Superior Court, that the judgment rendered in the former action was conclusive upon the defendant in this case. If we should assume that this question is now properly before us, it would not avail the plaintiff. In cases like this one, it is a well-established rule that where a defendant had notice of the former suit, or its equivalent, the judgment there is conclusive upon him, in so far as it relates to matters necessarily included in the former adjudication. *Baltimore & Ohio R. Co.* v. *Howard County* (111 Md. 176, 73 Atl. 656), 40 L. R. A. (N. S.) 1172, and cases cited in note upon pages 1174, 1175.

In other words, as applicable to the present case, the judgment in the former action of Rigney against the City of Waterbury settled the following questions: (1) that the injury occurred as the result of the negligent construction of the sidewalk, or allowing it to remain in a defective condition as alleged in the first case; (2) that it was not caused by the contributory neglect of the party injured; and (3) that damages were fixed by the amount of the former judgment. *Baltimore & Ohio R. Co.* v. *Howard County, supra.* It necessarily follows that by the trial of the former case the defendant is not now estopped to show that he was under no duty in respect to the defect or condition of the sidewalk in question, and that it was not through his fault that the accident occurred.

The plaintiff also contends that the court erred in omitting to charge the jury that, under § 1095 of the

General Statutes, it was the defendant's duty to pay the plaintiff in this action all costs and damages which it was compelled to pay in the case of Mary Rigney against the city of Waterbury. This statute provides that "when any person shall place or keep building materials, or any obstacle, in any highway, either with or without a license therefor from the city, town, or borough, in which such highway may be situated, he shall pay to said city, town, or borough, all costs and damages which it shall sustain or be compelled to pay by reason thereof."

The provision of the statute has no application to the case of an injury through an open sewer-box in a sidewalk. Such a box is not an "obstacle" within the meaning of this term in the statute.

The charge, although not exhaustive, was well adapted to the issues and questions which were properly presented and urged upon the trial of the case in the court below. In the absence of any request to charge, it is plain that the plaintiff is not entitled to a new trial because the trial court did not fully charge the jury as to the plaintiff's right to recover the amount of the judgment paid by the plaintiff in the case of Mrs. Rigney against Waterbury.

The evidence now before us upon the controlling question in this case was conflicting, and we cannot say that the trial court erred in denying the plaintiff's motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.