## MARY PURCELL
vs.
## CITY OF WATERBURY

Superior Court     New Haven County     File #11301
at Waterbury

MEMORANDUM FILED APRIL 29, 1938.

Andrew D. Dawson, of Waterbury, for the Plaintiff.

Charles O'Connor, of Waterbury; Timothy S. Sullivan, of Waterbury; Thomas F. McGrath, of Waterbury, for the Defendant.

INGLIS, J.   The claim of the plaintiff is that, on October 26, 1934, at about 8:00 a.m., while walking in a southerly direction on the east side of Niagara Street in Waterbury she caught the heel of her right shoe between the east edge of a sewer box located near the center of the sidewalk and the sidewalk itself in front of premises owned by the defendant Miller, and fell, injuring herself severely.

It appears that the surface of the sewer box at the place where the plaintiff caught her heel is only one-quarter of an inch below the surface of the sidewalk and that the sidewalk

is beveled down over a distance of three-quarters of an inch to meet the level of the surface of the sewer box.

The condition of the sewer box and sidewalk was not dangerous but was reasonably safe for travel. It was not the condition of the sewer box or sidewalk as constructed which caused the plaintiff's fall but rather the fact that the sidewalk was covered by wet, slippery leaves which had come onto the sidewalk and become wet during the preceding night.

It is therefore concluded, both because the City had not failed to exercise reasonable care to keep the sidewalk reasonably safe and also because the condition in the sidewalk of which the plaintiff complains was not the cause of her fall, that the City is not liable in this action.

It appears that the defendant Miller was the person responsible for the maintenance of the sewer box in the sidewalk. The City has cited her in as being the party primarily liable and, of course, it is true that if the presence of the sewer box in the sidewalk did render the sidewalk unsafe it would be the defendant Miller who would be primarily liable. *Waterbury vs. Clark*, 91 Conn. 254; Charter of Waterbury, §§154, 249.

The plaintiff makes no claim against the defendant Miller and it is alleged and admitted in the pleadings that in consideration of $402.00 the plaintiff has released the defendant Miller from all liability for the injuries for which she is suing to recover in this action.

Inasmuch as the City is not to be called upon to pay damages in this action no judgment should be rendered against the defendant Miller.

The City has not set up in its answer, as a special defense, that the plaintiff has released the person primarily liable from liability. For that reason, as well as for the reason that the facts do not indicate liability upon either the City or Miller, it is not proper to pass upon the claim made by the City in argument that the release of the defendant Miller operated as a release of the City.

Judgment may enter on the complaint in favor of the defendant City that it recover of the plaintiff its taxable costs and on the so-called cross-petition in favor of the defendant Miller that she recover her taxable costs of the defendant the City of Waterbury.