CITY OF NEW HAVEN *v.* FIRST NATIONAL BANK AND TRUST COMPANY, TRUSTEE

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 11, 1947—decided January 29, 1948

*William L. Beers* and *Alfred F. Celentano,* with whom, on the brief, was *George G. DiCenzo,* for the appellant (plaintiff).

*Martin E. Gormley,* for the defendant (appellee).

MALTBIE, C. J.  The plaintiff brought this action to obtain reimbursement of the amount of a judgment rendered against it in an action to recover damages for injuries resulting from a fall caused by a stone block on the sidewalk in front of premises owned by the defendant.  The trial of this action began before a jury.  The trial court granted a nonsuit at the close of the plaintiff's evidence, and from the denial of a motion to set that nonsuit aside the plaintiff has appealed.  It relies upon § 5990 of the General Statutes, which provides:  "When any person shall place or keep building materials, or any obstacle, in any highway, either with or without a license therefor from the town, city or borough, in which such highway may be situated, he shall pay to such town, city or borough, all costs and damages which it shall sustain or be compelled to pay by reason thereof."  The defendant claims that the evidence offered by the plaintiff fell short of even prima facie proof that within the meaning of the statute the stone was an "obstacle" or that, if it was, the defendant did "keep" it on the sidewalk.  We shall decide the case upon the narrow issues so presented.

The plaintiff offered evidence tending to prove these facts:  The defendant had acquired title to the house, as stated by defendant's counsel in argument, in 1930.  The stone was three feet long, twenty

inches wide and about ten inches high. It stood on the sidewalk next the curb. The walk was of cement, but the stone was red sandstone, the same material as was used in a fence along the side of the walk away from the traveled portion of the street and in the foundation and front door sill and window sills of the house. The stone had been there for a long time, perhaps fifty years. It was a reasonable inference that it had been intended as a stepping stone to get in and out of horse-drawn carriages and was for use in connection with the house on the defendant's premises. In addition to evidence of these facts, the plaintiff called attention to and the trial court took judicial knowledge of the file of the case in which the judgment sought to be recovered had been rendered, *Flynn* v. *First National Bank & Trust Co.,* an appeal in which is reported in 131 Conn. 430, 40 A. 2d 770. In that file it appears that Anna Flynn brought an action against both the city and the bank, plaintiff and defendant, respectively, in this action, to recover damages for an injury suffered when she fell over the stone in question, on the ground that it made the sidewalk defective. After the pleadings as regards the bank were closed, the action was withdrawn as to it. The plaintiff in that action recovered judgment against the city.

We have held that such things as carriage blocks may be maintained in the street by an abutting owner provided any obstruction to public travel caused thereby is not unreasonable, taking into account, on the one hand, the benefits thereby accruing to the owner and, on the other, the rights of the public in the use of the street; and an obstruction so maintained does not render the highway defective. *Tiesler* v. *Norwich,* 73 Conn. 199, 202, 47 A. 161; *Newton*

v. *New York, N. H. & H. R. Co.,* 72 Conn. 420, 427,
44 A. 813; *Knothe* v. *Zinzer,* 96 Conn. 709, 714, 115
A. 477; and see *Wallace* v. *New Haven,* 82 Conn.
527, 531, 74 A. 886. The jury in this action would
have been entitled to apply to the situation facts of
common knowledge with reference to present means
of traffic over city streets; and, in the absence of any
evidence as to the purpose served by the stone when
the accident occurred, they might reasonably have
concluded that it was then of no appreciable benefit
to the abutting landowner and did in fact constitute
an unreasonable obstruction to public travel over
the sidewalk.

The Revision of 1821 (p. 361) contained a provi-
sion that "stones, trees, timber, wood, rubbish, or
any other thing [laid in a highway] . . . any
gates, bars, rails or fence across such highway, or
. . . any buildings [erected] therein, by which the
passage of travellers shall be obstructed, prevented,
or endangered, or such highway annoyed, or in any
way encumbered" were to be deemed a common
nuisance which any person might remove, and the
person responsible was subjected to a qui tam pen-
alty. A building erected in such a way as to narrow
a highway and obstruct and endanger travelers was
held in *State* v. *Hyde,* 11 Conn. 541, 543, to be within
this statute. In *State* v. *Merrit,* 35 Conn. 314, 317, we
said, speaking of this statute: "Besides, the erection
of a fence, or indeed of any thing in a highway, which
renders it less commodious, is a nuisance at common
law. 1 Russell on Crimes, 117. And this statute
was not intended to limit or mitigate the common
law offence, but was intended rather to define it with
more precision." In *State* v. *Brown,* 16 Conn. 54,
the act was held not to apply as against a purchaser
of a building which obstructed the highway, because

the law was directed at the creation of a nuisance, not to its continuance. In 1856, the statute was amended so that it applied where any person "shall lay or cause to be laid, or to remain" stones, timber, wood, rubbish or any other thing in a highway, or set up "or allow to remain" any gates, bars, rails or fence across the road, or erect "or continue" any building thereon. Public Acts, 1856, Chap. 64. In 1864, the prototype of § 5990 was enacted, and it provided that any person who "shall place or keep building materials, timber, stone, or any other obstacle" in a public highway should pay to the municipality in which the highway was located any "loss, cost and damages" it sustained or was compelled to pay "by reason thereof." Public Acts, 1864, Chap. 75. A comparison of the later laws with the statute of 1821 makes it obvious that an obstruction which fell within the act of 1864 was intended to be of the same nature as those which would constitute a common nuisance under the earlier acts and that such a stone as is involved in this case might constitute an "obstacle" within the meaning of that word as used in § 5990. *Waterbury* v. *Clark,* 91 Conn. 254, 259, 99 A. 578, relied upon by the defendant, is not to the contrary; an examination of the record in that case shows that the plaintiff recovered damages for injuries from stepping into a hole in a sidewalk caused by the cover of a sewer box having become broken or having been removed; 177 Rec. & Briefs 760 et seq.; and the case went no further than to hold that a hole in a sidewalk was not an "obstacle" within the meaning of the statute.

*State* v. *Brown,* supra, the subsequent change made in 1856 in the statute as to common nuisances on highways and the enactment of the statute of 1864 go far to answer the contention of the defend-

ant that it did not "keep" the stone in the highway. The *Brown* case held that one who purchased a building which constituted an obstruction but which had been erected by a former owner was not liable under the statute. The change in the 1856 statute was evidently designed to impose liability upon one who, while not placing an obstruction in a highway, allowed it to remain there; and the word "keep" in the correlative statute of 1864 was clearly intended to express the same intent.

Broader considerations lead to the same result. In *Fabrizi* v. *Golub,* 134 Conn. 89, 55 A. 2d 625, we recently had before us an action where the plaintiff was seeking to recover for injuries resulting from a fall into a stair well in a sidewalk in Hartford which was used in connection with abutting premises owned by Max and Frieda Golub, and the city and the Golubs were made defendants. In discussing their respective liabilities, we said (p. 93): "The stairway was, however, an adjunct to the property of the Golubs; when the fence about it became broken, they were the persons who took steps to remedy the condition; in the absence of any evidence to the contrary, it must be assumed that they owned the land to the middle of the street and the stairway was on their property. *Allen* v. *Mussen,* 129 Conn. 151, 155, 26 A. 2d 776. . . . There was no basis in the evidence from which the jury could find that the city ever asserted or exercised any actual control over it. Upon these facts, there is no reasonable escape from a conclusion that the Golubs were maintaining the stair well, and they would be liable if they were guilty of negligence in respect to it, or it constituted a nuisance, as a result of which a traveler on the sidewalk suffered an injury." The only distinction between the situation there dis-

cussed and the one now before us is that the Golubs actually used the stair well, whereas there is no evidence that the defendant has ever done anything concerning the stone. It was, however, on the property of the defendant, and the defendant had the right at any time to remove it; if the city could do so, it would only be through a lawful interference with the defendant's dominion over the stone; and the defendant had the primary right of control. That right of control was a sufficient basis for imposing liability upon the defendant for maintenance of the stone. "If the owner of a thing which is capable, in its nature, of doing injury to persons, leaves it exposed and unguarded in a public place, and one be injured, as a natural and probable consequence, without fault on his own part, the owner is responsible." *Sedita* v. *Steinberg,* 105 Conn. 1, 6, 134 A. 243; and see *Linsley* v. *Bushnell,* 15 Conn. 225, 238. That the stone was on the sidewalk when the defendant acquired the property and it has merely left the stone there would not permit it to escape liability. *Hynes* v. *Brewer,* 194 Mass. 435, 439, 80 N. E. 503. When § 5990 imposes liability upon one who "keeps" an obstacle in the highway, it no doubt intends to include a landowner who permits an obstruction to remain upon the sidewalk in front of his abutting premises where he has title to the land in fee.

The evidence was sufficient to take the case to the jury, and the trial court was in error in denying the motion to set the nonsuit aside.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.