### ESSIE ALSTON *v.* CITY OF NEW HAVEN

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued May 5—decided June 30, 1948

*William L. Beers,* with whom were *Alfred F. Celentano* and, on the brief, *George G. DiCenzo,* for the appellant (defendant).

*Edward L. Reynolds,* with whom were *Marvin C. Gold* and, on the brief, *John J. Kinney, Jr.,* and *Annette E. P. Gold,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff secured a verdict for damages resulting from personal injuries sustained as a result of a fall on a sidewalk in New Haven. The defendant claims that the defect was too slight to justify an award of damages and that in any event it was created and maintained by the state rather than by the city. Both questions are raised by the denial of the motion to set aside the verdict, and the second by a request to charge to the effect that the state and not the city was responsible. The only substantial dispute on the facts related to the place where the plaintiff fell. She testified, and the jury could have found, that her fall was caused by the defect described below.

Goffe Street in New Haven is a busy street located near the business center of the city. In 1926 a building at No. 111 was leased by the state for the

use of the motor vehicle department and has been occupied for that purpose ever since. In 1926 the state drilled a hole in the sidewalk one and five-eighths inches in diameter to hold a removable metal flagpole. This hole proved to be too near the curb, and another of the same size was later drilled a few inches farther from the curb. The first hole was not used after the second was made, and the flagpole was not in place on the date in question, March 11, 1946. On that date the plaintiff walked up the east sidewalk of Sperry Street and crossed Goffe Street from the south to the north; as she stepped from the street up to and upon the sidewalk the heel of her shoe caught in the first hole. She was thrown and injured. The hole was almost directly opposite the east sidewalk of Sperry Street.

An examination of the many Connecticut cases dealing with highway defects under General Statutes, § 1420, shows that courts and juries have refused to hold municipalities liable for slight defects, but in only one case has such a defect been held too slight as a matter of law to form the basis of a judgment for the plaintiff. *Older* v. *Old Lyme,* 124 Conn. 283, 285, 199 A. 434. Counsel for the defendant have cited numerous cases from other jurisdictions claimed by them to establish that in other states courts are much more inclined to rule on the character of the defect as a matter of law. A detailed analysis of those cases would serve no useful purpose. In many states the appellate court has more power than this court over questions of fact. Unless only one conclusion can reasonably be reached, the question is one of fact for the trier. *LaBella* v. *Easton,* 128 Conn. 268, 272, 21 A. 2d 926; *Russakoff* v. *Stamford,* 134 Conn. 450, 453, 58 A. 2d 517. There is a marked distinction between the *Older* case and the case at

bar. The basic ground of decision in the former was that the defect was not only slight but was in a place where pedestrians were not apt to walk. The statement of facts shows that the hole which caused the injury in this case was located in a part of the walk which persons crossing Goffe Street would naturally use. Judicial notice may also be taken of the fact that Old Lyme is a country town, whereas New Haven is one of our largest cities. The defect was not such as to be ruled out as a matter of law.

The defendant also claimed that the verdict should have been set aside because, on the undisputed evidence, the hole was made and maintained by the state and therefore the failure of the city to repair was not the sole proximate cause of the plaintiff's injuries, under the doctrine of *Bartram* v. *Sharon,* 71 Conn. 686, 690, 43 A. 143. That case has been cited at least once in almost every volume of the Connecticut Reports since its decision. In view of the very recent affirmations of the principle and reviews of the authorities in *Bacon* v. *Rocky Hill,* 126 Conn. 402, 11 A. 2d 399, *Fabrizi* v. *Golub,* 134 Conn. 89, 55 A. 2d 625, and *Viets* v. *Hartford,* 134 Conn. 428, 58 A. 2d 389, no detailed examination of the cases is required. The constant use of one of the flagpole holes by the state and the construction of both by it show beyond question that it exercised control over them. The fact that it was a lessee rather than an owner is immaterial. Possession and control are the decisive factors. *Staples* v. *Bernabucci,* 119 Conn. 443, 449, 177 A. 380; *Rosa* v. *American Oil Co.,* 129 Conn. 585, 589, 30 A. 2d 385; see *Norwich* v. *Breed,* 30 Conn. 535, 550. Actual use is not required. *New Haven* v. *First National Bank & Trust Co.,* 134 Conn. 322, 328, 57 A. 2d 494. No doubt the defendant could have repaired the defect, but

that does not alter the relationship of the state to the hole. Ibid. The failure of the defendant to repair was not the sole cause of the plaintiff's injuries. The verdict should have been set aside on this ground.

This conclusion leaves the plaintiff without remedy, since she cannot sue the state without its consent. *McManus* v. *Jarvis*, 128 Conn. 707, 710, 22 A. 2d 857. She is, however, in no different position from anyone denied recovery because the defendant is protected by charitable or governmental immunity.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.