[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries sustained by the plaintiff in an open sewer drain on Center Street in Shelton which is claimed to be a defect in the highway. The first count of the complaint is against the City of Shelton, under section 13a-149 of the General Statutes, and the second count makes similar claims against the Connecticut Department of Transportation based on section 13a-144 of the General Statutes. Shelton has filed a motion for summary judgment on the first count on the ground that the road where the plaintiff was injured is a state highway so that the city did not own, possess or control it and is not liable for the plaintiff's injuries.
In support of the motion, Shelton has filed an affidavit from the city engineer which states that Center Street in Shelton is a state highway also known as Route 714 and that the roadway is owned and controlled by the Connecticut Department of Transportation. In CT Page 6958 addition, the city did not perform work in the installation, maintenance or repair of the sewer drain where the plaintiff was injured and which is located in the highway. The affidavit also states that the State of Connecticut and not the City of Shelton is responsible for maintaining the highway. The co-defendant, the Commissioner of Transportation has admitted, in response to requests for admission, that Center Street is a state highway and that the drain is within the portion of the highway maintained by the state. The plaintiff has not filed any counter-affidavit or other documentary evidence to refute Shelton's claims, but has filed a brief questioning the weight that should be given to the affidavit by the city engineer.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11. To prove that there is no genuine issue as to any material fact the moving party must make a showing that is quite clear what the truth is, and that it excludes real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggins, 208 Conn. 608, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. The party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which the material facts alleged in the pleadings can warrantably be inferred. Na-Mor, Inc. v. Roballey, 24 Conn. App. 215,217, quoting United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 378-79. It is not enough for the party opposing the motion to merely claim that factual issues exist. Connell v. Colwell, 214 Conn. 242, 254. It is well established that in order for a municipality to be liable under section 13a-149 of the General Statutes that the defect in the highway must be the sole proximate cause of the plaintiff's injuries. Sanzone v. Board of Police Commissioners, 219 Conn. 179, 197; Lukas v. New Haven,184 Conn. 205, 207 and cases cited therein. Where the state exercises control over the portion of the highway in question there can be no liability for the municipality because the conduct of the municipality would not be the sole proximate cause of the injury. Alston v. New Haven, 134 Conn. 686, 689. Liability of the municipality under section 13a-149 is purely for breach of a statutory duty and does not arise from negligence. Lukas v. New Haven, supra, 212.
In deciding whether a summary judgment should be granted, the court applies to the established facts the same test as is used in CT Page 6959 determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247. The evidence presented here meets that test. Even if conclusory statements in the affidavit are disregarded, the evidence presented shows that Center Street and the location of the plaintiff's injury is a state highway. While Shelton has not produced a deed showing title in the state, that is not required to show that the road is a state highway, and the state and its municipalities rarely have fee simple title to the road bed of older, well-established highways. In most cases, the highway is only an easement for public travel and the owners of abutting land, absent evidence to the contrary, are presumed to own to the center of the highway. Antenucci v. Hartford Roman Catholic Diocesan Corporation, 142 Conn. 349, 3S5, 356; Peck v. Smith,1 Conn. 103, 132. The fact that Center Street is also known as Route 714 is also significant, since town highways do not have that designation. Since Center Street is a state highway, Shelton is not liable to the plaintiff. The motion for summary judgment is granted on the first count of the complaint.
ROBERT A. FULLER JUDGE