[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Amy Agranov, filed a revised complaint on September 11, 1992, alleging in four separate counts that the defendants Town of Guilford and Steven Leninski breached a statutory duty pursuant to General Statutes 13a-144 (Defective Highway Statute), and that breach resulted in the plaintiff's fall and subsequent injuries. In addition, the plaintiff alleges that the creation and/or maintenance of the sidewalk defects by the foregoing defendants constituted a nuisance.
In the fifth count or the same revised complaint, the plaintiff alleges that the defendant State of Connecticut breached a statutory duty pursuant to General statutes 13a-144, and that breach resulted in the plaintiff's fall and subsequent injuries. The plaintiff further alleges in the sixth count that the creation and/or maintenance of the sidewalk defects by the defendant State of Connecticut constituted a nuisance. The plaintiff claims money damages.
On October 28, 1992, the defendant State of Connecticut filed an answer. By way of two special defenses to counts five and six, the state argues that: 1) the plaintiff's claims are barred by the doctrine of sovereign immunity, and 2) pursuant to CT Page 1933 General Statutes 52-572h and 52-225a, the defendants claim all applicable set-offs and credits from any collateral sources, allocations, and contributions.
On November 12, 1992, the defendant filed a motion for summary judgment on the fifth count of the revised complaint on the grounds that: 1) the plaintiff failed to allege that the commissioner of transportation was the sole proximate cause of her injuries, and 2) the state was under no responsibility to maintain the sidewalk. As to the sixth count of the revised complaint, the defendant state of Connecticut seeks summary judgment on the ground that sovereign immunity bars suit against the State except where the state, by appropriate legislation, authorizes or consents to be sued.
As required by Practice Book 380, the defendant has timely filed a memorandum in support of its motion for summary judgment. The plaintiff has not filed a memorandum in opposition.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987)). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light and Power Co., 7 Conn. App. 164, 167 (1986). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984) (quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971)). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
The defendant, in its memorandum of law in support of the motion for summary judgment, argues that the plaintiff neglected to include in the fifth count an allegation that the commissioner of transportation was the sole proximate cause of her injuries. The defendant insists that an allegation to this effect is a CT Page 1934 necessary element of a cause of action brought under General statutes 13a-144, the omission of which renders the fifth count void.
General Statutes 13a-144 provides, in part:
 . . . any person injured . . . through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
Hall v. Burns, 213 Conn. 446, 447-48 n. 1, 569 A.2d 10 (1990) (quoting General statutes 13a-144). The state may not be held liable unless it is proven to be the sole proximate cause of the plaintiff's injuries, White v. Burns, 213 Conn. 307, 336,567 A.2d 1195 (1990).
A count which seeks to impose liability against the state pursuant to General Statutes 13a-144, but fails to allege that the commissioner of transportation was the sole proximate cause of an injury, is not amendable to a motion for summary judgment.
In its memorandum, the defendant cites several Supreme Court cases which reaffirm the proposition that in bringing an action against the state under General statutes 13a-144, the plaintiff must prove that the defective highway was the sole proximate cause of one's injuries. In addition, the defendant correctly cites case law which support a general rule of evidence that the state will not be held liable unless it is proven to be the sole proximate cause of a plaintiff's injuries. Upon a closer reading of the cited cases offered by the defendant in its memo, none address the issue of whether a plaintiff must allege, as oppose to prove, sole proximate cause at the pleading stage of the cause. These cases address solely evidentiary reviews after trial or instructions regarding causation. The instant action is only in the pleading stage. Currently, there is no dispute as to whether the plaintiff must approve sole proximate cause — the only dispute in the captioned case is whether the plaintiff must allege in the pleadings that the commissioner of transportation CT Page 1935 was the sole proximate cause of her injuries.
In O'Neill v. Burns, 2 CSCR 3, 4 (January 5, 1987, Reynolds, J.) the plaintiff, failed to allege the commissioner of transportation's actions were the sole proximate cause of her injuries. The court held that at the pleading state, an allegation that the plaintiff was exercising due care is tantamount to an allegation that the alleged defect was the sole proximate cause of the accident. Id.
Also, in Bellamy v. Burns, 2 CSCR 375 (February 24, 1987, Berdon, J.) the court opined that when suing pursuant to General statutes 13a-144, an allegation in the complaint stating that the defendant was the cause of the in jury is sufficient. Id. See also Wall v. Burns, 3 CSCR 413 (June 6, 1988, Harrigan, J.).
Finally, in Lamb v. Burns, 202 Conn. 158, 172-73,520 A.2d 190 (1987) the plaintiff, pursuant to General Statutes 13a-144, disjunctively alleged in its complaint six ways in which the breach of the statutory duty or the defendant caused the plaintiff's injuries. The court stated that the complaint was sufficient enough to imply a breach of the commissioner's duty which adequately apprised the defendant of the nature of the proof that may be introduced at trial. Id.
Applying these cases to the facts at bar, the plaintiff alleges that "at the time and place of the plaintiff's fall, she was at all times in the exercise of due care." Based on O'Neil, supra, this allegation may be reasonably construed as allegation that the commissioner of transportation was the sole proximate cause of plaintiff's injuries.
The plaintiff further alleged in paragraph 5 that "the plaintiff's fall and . . . injuries . . . were caused by a breach of statutory duty." Considering Bellamy, supra, an allegation which states that injuries were caused by a breach of statutory duty is sufficient.
Finally, the plaintiff disjunctively alleges four different ways in which the breach of statutory duty by the defendant caused plaintiff's injuries. Id., Paragraph 5. Following the holding in Lamb, supra, that portion of the complaint is sufficient enough to imply a breach of the commissioner's duty which adequately apprises the defendant of the nature of the proof that may be introduced at trial. CT Page 1936
Summary judgment, based on a plaintiff's failure to allege sole proximate cause, is inappropriate at the pleading stage of the cause and therefore is denied.
The defendant also moves for summary judgment on the grounds that the state of Connecticut did not have the responsibility to maintain the subject sidewalk, therefore, it cannot be held liable for the plaintiff's injury.
By its language, General Statutes 13a-144 only imposes liability on the commissioner for defects on "a . . . sidewalk which it is the duty of the Commissioner of Transportation to keep in repair. . . ." General statutes 13a-144. Where the issue is failure to maintain or repair as it relates to sole proximate cause of a plaintiff's injuries, "possession and control are the decisive factors." Alston v. New Haven, 134 Conn. 686, 689,60 A.2d 502 (1948).
By virtue of affidavits contained in the instant case, it is apparent that there exists questions of fact as to who has control and/or duty to maintain and repair the sidewalk in question.
Richard Poole, district manager of the Department of Transportation for the state of Connecticut, states in his affidavit: "the section of sidewalk which abuts the edge of the above described highway is not, and was not on November 14, 1988, a part of the maintenance responsibility of this department or its commissioner (the Commissioner of Transportation)."
Conversely, James A. Portley, town engineer for the town of Guilford, states in his affidavit: "Whitfield street and the sidewalk in front of 51 Whitfield street, is under the control of the state of Connecticut, Department of Transportation. The Department of Transportation maintains the roadway from curb to curb and regulates maintenance of the sidewalk."
The court has not found any Connecticut cases that address the narrow issue of whether control of a sidewalk is a question of fact as it relates to a duty to maintain and repair pursuant to General statutes 13a-144. It is clear, however, in analogizing to the law of nuisance, that "liability for damage . . . turns upon whether the defendant was in control, through ownership or otherwise." State v. Tippetts-Abbett-McCarthy-Stratton, CT Page 1937204 Conn. 177, 185, 527 A.2d 688 (1987) quoting Kurtigan v. Worcester, 348 Mass. 284, 285, 203 N.E. 2nd 692 (1965). Whether a defendant maintains control over property sufficient to subject him to nuisance liability normally is a jury question. Id.
In Urbanucci v. McLellan, 4 Conn. L. Rptr. 810 (1991) the town asserted that the state had the obligation of maintaining a stop sign once the state had erected it. Id. The court stated that issues of fact were in dispute as to who was in control of the stop sign. Id. Pursuant to a claim arising under General statutes 13a-149, the court held that whether the town or state has the duty to maintain a stop sign presents an issue of fact which cannot be determined on a motion for summary judgment. Id.
Based on the excerpts from rival affidavits and the foregoing case law, the court finds there is a genuine issue of material fact as to who had control of the sidewalk in question. In viewing the facts in the light most favorable to the plaintiff, defendant's motion for summary judgment as to count five is denied.
Finally, the defendant moves for summary judgment against the sixth count of the plaintiff's complaint, which alleges, in pertinent part: "The creation and or maintenance of the aforementioned sidewalk defects by defendant State of Connecticut constituted a nuisance."
The defendant's position is that the doctrine of sovereign immunity bars suit against the state, except where the state, by appropriate legislation, consents to be sued. The state, according to the defendant, has not consented to be sued in nuisance, therefore, summary judgment should be granted.
The State of Connecticut is immune from suit unless it consents to be sued. White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). General Statutes 13a-144 and 13a-149 impose liability upon the state and municipalities respectively, for injuries or damages caused by defective highways, bridges, or sidewalks. See Ryszkiewicz v. City of New Britain, 193 Conn. 589,593-94, A.2d 793 (1984). Section 13a-149 is a plaintiff's exclusive remedy against a municipality for injuries sustained because of a defective road or bridge. Sanzone v. Board of Police Commissioner, 219 Conn. 179, 192, 592 A.2d 912 (1991). There is no material difference in the obligation imposed on the CT Page 1938 state by 13a-144 and that imposed on municipalities by 13a-149
Donnell v. Ives, 159 Conn. 163, 166, 268 A.2d 406 (1970). Of equal importance, consent to maintain a common-law action against the state or a state official in nuisance cannot be found in section 13-87 (now 13a-144), which creates a statutory cause of action against the highway commissioner for injuries caused by a defective state highway. See Murphy v. Ives, 151 Conn. 259,196 A.2d 596 (1963). The consent given by the statute is merely a consent to bring the statutory action. Id.
Given that there is no substantive difference in the obligation imposed on the state by 13a-144 and that imposed on municipalities by 13a-149, and since section 13a-149 is a plaintiff's exclusive remedy against a municipality, it logically follows that section 13a-144 is a plaintiff's exclusive remedy against the state. The state has not consented to be sued in nuisance, nor is there a recognized cause of action sounding in nuisance. A nuisance suit cannot be maintained against the defendant because the plaintiff's sole remedy against the state for injuries sustained due to a defective sidewalk is contained in section 13a-144. Therefore the defendant's motion for summary judgment as to the sixth count of the plaintiff's complaint is granted.
Richard J. Stanley, Judge